## No. 998.

ISAAC LEMLE VS. JOHN P. ROUTON, SHERIFF, ET ALS.

### ON MOTION TO DISMISS.

The surety on a release bond cannot be held for a greater or different amount than his principal.
The obligation of the principal on such bond is to produce the property on the day of sale, and, in default thereof, to pay the amount of the judgment with interest and costs, but not the amount of the bond, nor the value of the property if it exceeds the amount of the judgment. 33 An. 416, affirmed.
In a suit enjoining a seizure, a claim for damages cannot vest, or contribute to vest, this Court with jurisdiction. 30 An. 427, affirmed.

APPEAL from the Seventh District Court, parish of Catahoula. *Ellis*, judge *ad hoc*.

*Smith & Dagg* for Plaintiff and Appellee:

The Supreme Court is without jurisdiction. The principal of the judgments of Winter & Hunter vs. Peter Hunter is, in one case, $500, and in the other $397 57, amounting together (exclusive of interest) to $895 57, which sum, without deducting $105, which has been paid on the judgments, is insufficient to give the court jurisdiction.

The thing or matter in controversy is the amount of these judgments.

The surety on the bond can never, in any event, be bound for more than the judgment against the principal. If the bond is less than the judgment, then he would be bound for the bond only. If the bond is for more than the judgment, then only for the judgment. In cases of sequestration, where the bond should be for the *value* of the property released the surety is liable for that value only, whatever the amount of the bond or judgment. Carroll vs. Hamilton, 30 An. 523 ; 4 An. 372 ; 33 An. 14.

In this case execution could issue for the amount of the judgment only, and not for amount of the bond.

In case of an ordinary twelve months' bond, the writ might issue on the bond, for that is precisely the amount due to the creditor by the debtor ; but in this case, though the bond has the effect of a twelve months' bond, yet it is no measure of the surety's liability, for, as under the law, it must exceed by one-half the value of the property released, that value might be twenty times the amount of the judgment.

*D. B. Gorham* for Defendants and Appellants:

It is not the amount of the *judgment*, but the amount in *contestation* which gives jurisdiction to the Supreme Court. 21 An. 366 ; 28 A. N. R.

## MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff and appellee moves to dismiss this appeal on the ground that the amount in dispute is not sufficient to give us jurisdiction.

From the pleadings it appears that Winter & Hunter, judgment creditors of Peter Hunter, Sr., issued execution against their debtor, whose property was seized by the sheriff, but was released by the debtor, who furnished a delivery bond in the sum of $1080, in accordance with the provisions of Sec. 341, Revised Statutes, with the plaintiff in this case as his surety. On the failure of the debtor to produce the property on the day fixed for the sale, the delivery bond was forfeited by the sheriff, who then proceeded to seize the property of plaintiff herein, as the surety on the bond. The object of the present suit is to restrain further proceedings in execution on the forfeited bond, on the ground of the alleged nullity of the two judgments held by Winter & Hunter, and on which execution had issued against Peter Hunter, Jr. These two judgments, which had been rendered by the late Parish Court of the parish of Catahoula, were, one for the sum of $500, and the other for $395 57, with interests, and subject to a credit of $105, making the aggregate of the capital of the judgments amount to. $895 57, subject to the credit stated above, and that amount is, in our opinion, the matter in dispute in this suit.

In the case of Schmidt & Ziegler vs. A. C. Brown and R. Strauss, recently decided by us in New Orleans, and not yet reported, and presenting this identical question, we considered the following propositions as clearly established and settled in our jurisprudence:

1st. That the surety on the bond could not be bound for a greater or different amount than his principal.

2d. That the obligation of the principal was to produce the property on the day of sale, and in default thereof, to pay the amount of the judgment with interests and costs, but not the amount of the bond, nor the value of the property, if it exceeds the amount of the judgment.

It follows, therefore, that the obligation of the surety in this case was to produce the property of his principal, which had been released from seizure, and in default thereof, to pay the amount of the seizing creditors' judgments with interests and costs.

Under the forfeiture of the bond the sheriff was proceeding to enforce this obligation against the surety, when he was enjoined by these proceedings. The issue is, therefore, whether the sheriff will be allowed or not to proceed in the enforcement of this obligation, and, for the purpose of our jurisdiction, the test is to be found in the amount of the obligation sought to be enforced, exclusive of interests, and which presents a matter in dispute not exceeding one thousand dollars.

Appellants contend that the claim for damages in the sum of thirteen hundred dollars, contained in plaintiff's petition for injunction, should vest this Court with jurisdiction.

One of the items of the damages claimed, is one thousand dollars for loss of credit, and is purely fictitious. We take it as a settled doctrine that in a suit enjoining a seizure, on the ground of the nullity of the judgment, a claim for damages cannot be considered as an element under which the appellate jurisdiction of this Court can be tested, and we shall not consider this extravagant demand for imaginary damages as a part of the matter in dispute in this case. Poree vs. Valisch, 15 An. 292; particularly Cushing vs. Sambola & Ducros, 30 An. 427.

The reasoning of the court on this point, in Cushing vs. Sambola & Ducros, 30 An. 427, is conclusive, and we have followed that authority in a case recently decided by us in New Orleans, and not yet reported.

Our attention is called to the fact, as shown in the record, that this appeal had primarily been brought before the Circuit Court of Appeals of the Second Circuit, whence it was dismissed *ex proprio motu*, on the ground that the matter in dispute exceeded the jurisdiction of that tribunal.

We have carefully read and considered the able opinion of our learned brothers of the Circuit Court, and are constrained to differ with them in their conclusions. But we cannot grant the relief asked by

appellants, and remand this appeal to the Circuit Court with directions to entertain the same.

The right of appeal is sacred, and should not be denied for insufficient reasons, but until proper proceedings have been resorted to, we cannot exercise our supervisory jurisdiction.

It is ordered that this appeal be dismissed at appellants' costs.